Filed 6/27/22 P. v. Stewart CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C095147 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-2013-0005271, SF122937B) |
| v. | |
| FREDERICK ALAN STEWART, | |
| Defendant and Appellant. | |

Defendant Frederick Alan Stewart appeals from the trial court's order denying his petition for resentencing under Penal Code section 1170.95.[1]  Defendant contends the trial court erred in finding him ineligible for relief as a matter of law.  Based, in part, on new legislation that applies retroactively to defendant's case, the People concur that

---

[1] Undesignated statutory references are to the Penal Code.

1

defendant is entitled to reversal and remand for further proceedings on his manslaughter conviction. We agree.[2]

## LEGAL AND FACTUAL BACKGROUND

Originally charged with first degree murder, defendant ultimately pled no contest to voluntary manslaughter (§ 192), admitted a prior strike conviction (§§ 1170.12, subd. (b), 667, subds. (a) & (d)), and admitted that he was a principal who was armed during the commission of the offense (§ 12022, subd. (a)). The parties agreed that the preliminary hearing served as the factual basis for the plea. In accordance with the plea, the trial court sentenced defendant to an 18-year state prison term.

While defendant was serving his 18-year prison term, he filed a petition for resentencing pursuant to section 1170.95. The trial court denied the petition, finding defendant had not established a prima facie case for resentencing, as he was not convicted of murder, but manslaughter, and based on defendant's conduct set forth in the preliminary hearing, he was either the killer or a major participant in the killing. In that order, the trial court noted "[Defendant] gave a statement to law enforcement admitting that he and a second individual went to Stockton from Sacramento in [defendant's] car to conduct a major drug deal ($2500 worth of product). The victim was shot in [defendant's] car. Later, the [defendant] was arrested with the murder weapon, he had thrown away his clothes, torched his car, and smashed his I phone [*sic*], in an attempt to conceal evidence."

Defendant appealed, and this court affirmed the trial court's denial on the ground that defendant could not obtain relief from a section 1170.95 petition for a conviction of manslaughter. (*People v. Stewart* (July 17, 2020, C089230) [nonpub. opn.].)

---

[2] This case was fully briefed on April 21, 2022. On April 26, 2022, we granted defendant's request for an expedited appeal and calendar preference.

On October 5, 2021, the Governor signed into law Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775). Among other changes, Senate Bill 775 expanded the crimes eligible for relief under section 1170.95 to include manslaughter. (§ 1170.95, subd. (a), as amended by Stats. 2021, ch. 551, § 2.)

On October 14, 2021, defendant filed a new petition for resentencing pursuant to section 1170.95. On October 20, 2021, the trial court summarily denied the petition without appointing counsel, stating "The [defendant] has not made a prima facie showing for relief: this was a plea."

Defendant timely appealed.

## DISCUSSION

Defendant asserts, and the People agree, that he is entitled to seek relief under section 1170.95 for his manslaughter conviction in light of recent amendments made through Senate Bill 775 (2021-2022 Reg. Sess.). We agree and will remand the case for further proceedings. In light of this conclusion, we need not address defendant's additional arguments.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, was enacted to amend " 'the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 842, quoting Stats. 2018, ch. 1015, § 1, subd. (f), abrogated on other grounds by Sen. Bill 775.) The bill also "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief . . . ." (*Gentile*, at p. 843.)

On January 1, 2022, while this case was pending on appeal, Senate Bill 775 became operative. In this bill, the Legislature amended section 1170.95 to, among other changes, permit defendants convicted of manslaughter to petition for relief. (§ 1170.95,

3

subd. (a).) Under the current version of the statute, an offender may file a petition under section 1170.95 when the following conditions are met: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of murder, attempted murder or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[;] [¶] [and] (3) The petitioner could not be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3); see also § 1170.95, subd. (b)(1)(A).)

Under section 1170.95, subdivision (b)(1) the petition must be filed "with the court that sentenced the petitioner" and must include: (1) a declaration by the petitioner that he or she is eligible for relief under the requirements set forth in section 1170.95, subdivision (a); (2) the superior court case number and year of the petitioner's conviction; and (3) whether the petitioner requests the appointment of counsel. (§ 1170.95, subd. (b)(1).) Where the petition complies with the requirements of section 1170.95, subdivision (b)(1), the trial court must appoint counsel, if requested, and entertain briefing by the parties. (§ 1170.95, subds. (b)(3), (c).) The trial court must then review the petition to determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); *People v. Lewis* (2021) 11 Cal.5th 952, 970-971.) If the court determines the petitioner has met his or her prima facie burden, the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and to resentence the petitioner on any remaining counts. (§ 1170.95, subds. (c), (d)(1).) " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in

4

the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*People v. Lewis, supra*, 11 Cal.5th at p. 971.)

Since the trial court's ruling, section 1170.95 now specifically provides for certain defendants convicted of manslaughter to petition for resentencing. The parties agree the amendments to section 1170.95 made through Senate Bill 775 are applicable to petitions for relief from some manslaughter convictions, such as defendant's, not final on appeal as of the effective date of the statute. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307-308; *In re Estrada* (1965) 63 Cal.2d. 740, 744.) The parties also agree that the petition is facially sufficient under section 1170.95. Here, the trial court did not deny the petition based on facial insufficiency or because there are facts refuting allegations made in the petition. Rather, the trial court denied the petition because defendant failed to make a prima facie showing for relief, because "this was a plea." This ruling is contrary to the statute, which specifically allows certain defendants to petition for relief after a plea. Nor can we ascertain from the record any other factor indicating ineligibility for relief at this stage. The facts presented at the preliminary hearing, as summarized by the trial court in its ruling on the first petition for resentencing under section 1170.95, do not demonstrate as a matter of law that defendant is precluded from seeking relief.

Because Senate Bill 775 is now operative, defendant is entitled to the retroactive application of the amendments it makes to section 1170.95. (See *People v. Garcia* (2018) 28 Cal.App.5th 961, 973; *People v. Vieira* (2005) 35 Cal.4th 264, 305-306.) While we make no comment on whether defendant will be able to establish a prima facie showing of relief as to his manslaughter conviction, we conclude he is entitled to the opportunity to do so, under the amended parameters of section 1170.95. This includes the benefit of the appointment of counsel, the opportunity to submit briefs on the matter, and a new determination as to his prima facie showing for relief.

5

## DISPOSITION

The trial court's order denying defendant's section 1170.95 petition is reversed, and the matter is remanded with directions for the trial court to appoint counsel, entertain any submitted briefing on the matter and reconsider the cause in light of amended section 1170.95.


_____/s/_____
EARL, J.


We concur:


_____/s/_____
MAURO, Acting P. J.


_____/s/_____
KRAUSE, J.